IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MONICA MARIE B.,[1]

       Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

3:18-cv-00937-BR

OPINION AND ORDER

GEORGE J. WALL
Law Office of George J. Wall
825 N.E. 20th Ave, Suite 330
Portland, OR 97232
(503) 236-0068

       Attorney for Plaintiff

BILLY J. WILLIAMS
United States Attorney
RENATA GOWIE
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1003

---

[1] In the interest of privacy this Court uses only the first name and the initial of the last name of the nongovernmental party in this case. Where applicable, this Court uses the same designation for the nongovernmental party's immediate family member.

1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**JOSEPH J. LANGKAMER**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2212

      Attorneys for Defendant

**BROWN, Senior Judge.**

Plaintiff Monica Marie B. seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which the Commissioner denied Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income (SSI) under Title XVI of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

On April 10, 2014, Plaintiff protectively filed her

application for DIB and SSI benefits. Tr. 153, 310.[2] Plaintiff alleges a disability onset date of August 31, 2013. Tr. 153, 310. Plaintiff's application was denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on July 27, 2016. Tr. 153, 95-142. Plaintiff and a vocational expert (VE) testified at the hearing. A supplemental hearing was held on March 6, 2017. Tr. 153, 175-90. Plaintiff and another VE testified at this hearing. Plaintiff was represented by an attorney at both hearings.

On May 31, 2017, the ALJ issued an opinion in which she found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 153-65. Plaintiff requested review by the Appeals Council. On April 15, 2018, the Appeals Council denied Plaintiff's request to review the ALJ's decision, and the ALJ's decision became the final decision of the Commissioner. Tr. 1-4. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On May 30, 2018, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision.

---

[2] Citations to the official transcript of record filed by the Commissioner on November 2, 2018, are referred to as "Tr."

## BACKGROUND

Plaintiff was born on October 12, 1979. Tr. 163, 310. Plaintiff was 33 years old on her alleged disability onset date. Tr. 163. Plaintiff has at least a high-school education. Tr. 163. Plaintiff has past relevant work experience as a medical coder and "stores laborer." Tr. 163.

Plaintiff alleges disability due to bulging discs at C5-C6, tendonitis in both elbows and hands, bi-lateral carpal tunnel, hypermobile joint syndrome, fibromyalgia, trigger-finger of the middle finger of both hands, and Dupuytren's Syndrome. Tr. 202-03.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. See Tr. 159-162.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or

mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence] but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence

whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

I.  **The Regulatory Sequential Evaluation**

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity (SGA). 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform

7 - OPINION AND ORDER

work she has done in the past. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines (or the grids) set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff engaged in substantial gainful activity from September 2014 through December 2014 after Plaintiff's alleged disability onset date of August 31, 2013. Tr. 155-56. The ALJ found, however, there have been continuous 12-month periods during which Plaintiff did not engage in

substantial gainful activity. Tr. 156.

At Step Two the ALJ found Plaintiff has the severe impairments of "chronic pain, joint hypermobility syndrome, thoracic outlet syndrome, a disorder of the bilateral wrists, a disorder of the bilateral upper extremities, and a spine disorder." Tr. 156.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. Tr. 157. The ALJ found Plaintiff has the RFC to perform light work with the following limitations: can frequently lift 10 pounds and can occasionally lift 20 pounds; can occasionally push and pull with her upper extremities; can frequently use foot controls bilaterally; can sit for "two hours at one time up to seven hours" of an eight-hour workday; can stand for one hour at one time up to six hours of an eight-hour workday; can walk 30 minutes at one time up to six hours of an eight-hour workday; can frequently engage in reaching bilaterally; can occasionally engage in handling, fingering, and feeling bilaterally; can frequently stoop, kneel, crouch, and climb ramps and stairs; can occasionally crawl and climb ladders, roper, and scaffolds; and should not be exposed to

vibrations. Tr. 158.

At Step Four the ALJ concluded Plaintiff is unable to perform her past relevant work. Tr. 162.

At Step Five the ALJ found Plaintiff can perform other jobs that exist in the national economy such as tanning-salon attendant, elections clerk, and call-out operator. Tr. 164. Accordingly, the ALJ found Plaintiff is not disabled. Tr. 164.

## DISCUSSION

Plaintiff contends the Appeals Council erred when it failed to remand the case to the ALJ for further proceedings to consider medical records submitted for the first time to the Appeals Council.

I. **The Court does not have jurisdiction to review the decision of the Appeals Council.**

Plaintiff contends the Appeals Council should have remanded this matter to the ALJ for reconsideration in light of the evidence she submitted to the Appeals Council that demonstrates she has hyperthyroidism and allegedly supports Plaintiff's reports of symptoms that the ALJ discounted.

The Commissioner, in turn, contends the court does not have jurisdiction to review the decision of the Appeals Council. Moreover, the Commissioner points out that Plaintiff did not

challenge any part of the ALJ's decision on appeal, the evidence submitted to the Appeals Council did not undermine the ALJ's decision, and the Appeals Council properly declined to remand this matter to the ALJ for reconsideration.

**A.   Standards**

The district court does not have jurisdiction to review a decision of the Appeals Council denying a request for review of an ALJ's decision because the Appeals Council decision is not a final agency action. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011). When, however, a claimant "submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence." *Brewes*, 682 F.3d 1157, 1159-60, 1162-63 (9th Cir. 2012).

**B.   Analysis**

On June 5, 2017, Plaintiff requested review of the ALJ's decision by the Appeals Council. Tr. 308-09. On March 21, 2018, Plaintiff submitted to the Appeals Council medical records from Oregon Health and Sciences University

(OHSU) for November 6, 2017, to February 26, 2018, relating to Plaintiff's treatment for hyperthyroidism.  Tr. 11-94.

As noted, on April 5, 2018, the Appeals Council denied Plaintiff's request for review.  The Appeals Council indicated the records from OHSU were submitted after the ALJ's decision, did not relate to the disability period at issue, and did not affect the ALJ's decision.  Tr. 2.  The Appeals Council made these records part of the administrative record.

In *Taylor v. Commissioner of Social Security Administration* the plaintiff proffered to the Appeals Council a psychiatric evaluation and medical-source statement that had not been submitted to the ALJ.  659 F.3d 1228, 1231 (9th Cir. 2011).  The new evidence post-dated the ALJ's decision.  Although the medical-source statement was based on treatment that occurred during the relevant disability period, the Appeals Council did not consider the evidence.  *Id.*  The Ninth Circuit found the Appeals Council should have considered the records because the evaluations concerned the plaintiff's limitations during the relevant period of disability.  *Id.* at 1233.  The Ninth Circuit held:

> Because [the doctor's] opinion concerned his assessment of [the plaintiff's] mental health since his alleged disability onset date in 1999, it related to the period before [the plaintiff's]

12 - OPINION AND ORDER

> disability insurance coverage expired in 2004, and before the ALJ's decision in 2006. Thus, [the physician's] opinion should have been considered.

Id.

Here, however, Sydney Rose, M.D., Plaintiff's treating physician at OHSU, indicated on December 27, 2017, that Plaintiff was only diagnosed in November 2017 with hyperthyroidism and had not yet started treatment for her condition. Tr. 29. Dr. Rose also noted Plaintiff's "[i]rritability, anxiety, panic attacks, heart palpitations and tremor are all symptoms of hyperthyroidism. Joint pain and osteoporosis due to calcium loss from the bones can also be associated." Id. Dr. Rose stated Plaintiff "will have some relief of some of her symptoms" after her hyperthyroidism is treated. Id.

Plaintiff contends even though her hyperthyroidism was discovered seven months after the ALJ's decision, "it is a condition that develops over time," "it existed during the relevant period, and it explains many of Plaintiff's symptoms, including joint pain, depression, and anxiety, which the ALJ rejected." Pl.'s Brief (#13) at 5. Nevertheless, Plaintiff does not actually challenge the ALJ's decision that Plaintiff is not disabled. Moreover, Plaintiff was first diagnosed with

13 - OPINION AND ORDER

hyperthyroidism in November 2107 and does not point to any evidence in the record that establishes hyperthyroidism existed before June 2017, the end of the relevant period of disability. In addition, even though Plaintiff contends her hyperthyroidism "explains" many of her symptoms, the records she submitted do not identify any functional limitations that conflict with the ALJ's evaluation of Plaintiff's RFC.

Accordingly, the Court concludes Plaintiff has failed to establish that the evidence submitted to the Appeals Council relates to the period of her alleged disability, and, in any event, this Court does not have jurisdiction to review the decision of the Appeals Council.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 30th day of April, 2019.

_____
ANNA J. BROWN
United States Senior District Judge